UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BROWN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>BAUGHMAN, et al.,<br><br>　　　　Defendants. | No. 2:17-cv-1623-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Shortly after filing his complaint, plaintiff consented to the jurisdiction of a magistrate judge. ECF No. 5. On October 26, 2017, after plaintiff failed to comply with the court's August 14, 2017 order directing him to either submit the filing fee or an application for leave to proceed in forma pauperis, the magistrate judge dismissed the case without prejudice. ECF No. 6. Plaintiff has now filed a "Declaration in Support of [ ] Request that the court Reconsider its Oct. 26, 2017 Order and Take Judicial Notice of the Green Wall Corporate Malfeasance under Federal Rules of Evidence § 201(b) . . . ." ECF No. 10. Because the court dismissed this action on October 26, 2017 and judgment was duly entered, the court construes plaintiff's filing as a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

In light of the recent decision in *Williams v. King*, 875 F.3d 500 (9th Cir. 2017), plaintiff's motion for reconsideration should be granted (in part). *Williams* holds that *all* parties, including

1

unserved defendants, must consent in order for jurisdiction to vest with the magistrate judge pursuant to 28 U.S.C. § 636(c)(1). Dismissal in this case was therefore improper because the defendants, who were never served, did not consent to the jurisdiction of the magistrate judge. The court will therefore recommend that this case be reopened and assigned to a United States District Judge.

However, the court will also recommend that this action be dismissed. The court initially dismissed this action because plaintiff failed to pay the filing fee or seek leave to proceed in forma pauperis. ECF No. 6. Plaintiff's Rule 60(b) motion does not address the court's order of dismissal, but instead complains generally about the "modern day lingering effects of slavery" and religious discrimination. *See* ECF No. 10. Because plaintiff has failed to pay the filing fee or seek leave to proceed in forma pauperis, this action must be dismissed.[1]

Accordingly, IT IS HEREBY ORDERED that the Clerk of the shall vacate the October 26, 2017 order (ECF No. 6) and judgment (ECF No. 7) and reopen the case. IT IS FURTHER ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

Further, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to

---

[1] Moreover, the court cannot take judicial notice of plaintiff's bald allegations of "Green Wall Corporate Malfeasance." *See* ECF No. 10 at 1. Judicial notice extends only to facts that are "not subject to reasonable dispute" because they are either (a) "generally known within the territorial jurisdiction of the trial court" or (b) "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 15, 2018.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE