UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BROWN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>BAUGHMAN, et al.,<br><br>　　　　　Defendants. | No. 2:17-cv-1623-KJM-EFB P<br><br>ORDER SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, has filed an application to proceed in forma pauperis (ECF No. 18)[1] and a motion for injunctive relief (ECF No. 15).

## Application to Proceed In Forma Pauperis

The court has reviewed plaintiff's application and finds that it makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).[2]

---

[1] He also filed a request for an extension of time to file an application for leave to proceed in forma pauperis (ECF No. 14), which is granted.

[2] The court previously recommended that this case be dismissed after plaintiff failed to pay the filing fee or seek leave to proceed in forma pauperis. ECF No. 11. With the granting of plaintiff's now pending in forma pauperis application, that recommendation is withdrawn.

1

Screening

I. Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *Id.*

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

*Corp.*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

II. <u>Analysis</u>

Plaintiff presents his complaint as nineteen handwritten pages, accompanied by several handwritten declarations amounting to another sixty or so pages, and then over one-hundred additional pages of various exhibits, totaling 205 pages. ECF No. 1. The first paragraph of the complaint sets the tone for the entire document, which is difficult to parse:

> Min. King William E. Brown Jr. a/k/a William E. Brown brings this civil rights action to REMEDY violations against his Federally Protected Constitutional Rights perpetrated by PBSP State Prison officials acted in collusion with concerted efforts in concert with SVSP-DSH who acted in concert with CDC(R) state officials who all deliberately acted in collusion with CSP-SAC to deliberately cancer its jurisdictional policy and procedures, officials who were at all times relevant to this action, "ACTING UNDER COLOR OF CALIFORNIA STATE LAW." Such viola involve but are not limited to "BADGES AND INCIDENTS OF SLAVERY, CONSPIRACY, DENIAL OF OR FAIL OR REFUSE TO TIMELY PROCESS OR RESPOND TIMELY TO CDCR 22 FORMS . . . or "K.A.G.E. DEMANDS," i.e., 1st Amendment petition . . . related even to religious exercise, RLUIPA, RACIAL AND religious discrimination . . . .

ECF No. 1 at 1.

Plaintiff's complaint cannot survive screening. It is unduly burdensome to dissect such a lengthy filing to determine which claims plaintiff intends to assert against any of the four named defendants – Warden Baughman, Meire, Cross, and Kendall, particularly when they are referred to collectively as "defendants." *See generally id.* Further, the difficulty in understanding the specifics of plaintiff's allegations and how, if at all, each defendant was directly responsible for any violation of plaintiff's rights, convinces the court that the complaint does not put defendants on notice of the claims against them. *See McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991)

3

(holding that a sufficiently plead complaint under Rule 8 must "put defendants fairly on notice of the claims against them."). Lastly, it is not clear whether venue in this district is proper, as the complaint references "CSP-Sac," "PBSP," and "SVSP."[3] While venue would be proper for any claims arising at California State Prison – Sacramento, claims arising at Pelican Bay State Prison or Salinas Valley State Prison likely belong in the United States District Court for the Northern District of California.

### Leave to Amend

Plaintiff will be given leave to file an amended complaint that addresses these deficiencies. If plaintiff chooses to amend, he should limit his pleading to twenty-five pages, plus any relevant exhibits. He must also plead facts showing that venue in this district is proper. Failure to do so may result in either the dismissal of this case or transfer of the case to the proper district.

Further, he is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

/////

/////

---

[3] The federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this action, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Nor may he bring unrelated claims against multiple defendants. *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint **is as legible as possible**. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

## Motion for Injunctive Relief

Plaintiff also seeks injunctive relief. ECF No. 15. However, he fails to meet the minimum threshold for merit to satisfy the standard for a preliminary injunction.[4] At an irreducible minimum, he must demonstrate that there is at least a fair chance of success on the merits. *Johnson v. California State Board of Accountancy*, 72 F.3d 1427, 1430, 1433 (9th Cir.

---

[4] A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir.1964). The moving party must prove that he is likely to succeed on the merits, "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)).

1995); *Sports Form, Inc. v. United Press International*, 686 F.2d 750, 753 (9th Cir. 1982). As discussed above, his complaint must be dismissed and at present he has shown no likelihood of success on the merits of any claim. Accordingly, plaintiff's motion for injunctive relief must be denied.

<u>Conclusion</u>

Accordingly, it is ORDERED that:

1. The October 15, 2018 findings and recommendations (ECF No. 11) are vacated.
2. Plaintiff's motion for an extension of time to file an in forma pauperis application (ECF No. 14) is granted.
3. Plaintiff's application to proceed in forma pauperis (ECF No. 18) is granted.
4. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.
5. Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend within 30 days of service of this order; and
6. Failure to comply with this order may result in dismissal of this action.

Further, IT IS RECOMMENDED that plaintiff's motion for injunctive relief (ECF No. 15) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 11, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

6