UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM BROWN,

   Plaintiff,

 v.

BAUGHMAN, et al.,

   Defendants.

No. 2:17-cv-1623-KJM-EFB P

ORDER AND FINDINGS AND RECOMMENDATIONS

   Plaintiff is a state prisoner proceeding without counsel and *in forma pauperis* in an action brought under 42 U.S.C. § 1983. The court screened plaintiff's initial complaint, deemed it deficient, and dismissed it with leave to amend. ECF No. 19. Plaintiff has since filed an amended complaint (ECF No. 26) which is screened herein.[1]

## Screening

### I. Legal Standards

   The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The screening obligation applies where a complaint is removed from state court. *See, e.g.*, *Morris v. Horel*, 2008 U.S. Dist. LEXIS 56938, 2008 WL 686874, *1 (N.D. Cal., March 12, 2008)

---

[1] Plaintiff was previously granted leave to proceed *in forma pauperis*. ECF No. 19. Thus, his pending application to proceed *in forma pauperis* (ECF No. 24) is denied as moot.

1

(screening civil rights action removed from state court pursuant to Section 1915A). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *Id.*

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 556). In reviewing a complaint

under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

II. Analysis

Plaintiff's initial complaint was dismissed because it was impossible to comprehend. *See* ECF No. 19 at 3. The amended complaint fares no better. To his credit, plaintiff has submitted a briefer summation of his allegations. Unfortunately, that summation is still impossible to comprehend.

A. Allegations

Plaintiff alleges that, on two unspecified dates in the ranges of 2011-2013 and 2016-2018, he participated in a prison strike. ECF No. 26 at 3. He claims that, as a consequence of this participation, "[s]everal state agents acting under color of law imposed concerted efforts in collusion to stage [an] unlawful event placing [him] in foreseeable harm . . . ." *Id.* The complaint does not spell out, in any way that the court can comprehend, what this harm was.

Plaintiff goes on to allude to a group known as the "K.A.G.E. Brothers Religion," but it is unclear what this religious group is or how it factors into his claims. *Id.* He appears to allege that he undertook actions to "establish and promote the 'peace agreement to end all hostilities'" on behalf of this group. *Id.*

Plaintiff alleges that defendant Kirby, a correctional officer, obstructed justice and constrained one of plaintiff's unspecified liberty interests. *Id.* He claims this officer intended to "uphold slave codes via involuntary servitude and false imprisonment." *Id.* Plaintiff does not otherwise state what specific actions Kirby took to violate his rights.

Elsewhere in the complaint plaintiff alleges that various correctional officers conspired to find him guilty of a retaliatory rules violation report ("RVR"). *Id.* at 4. He claims that these officers based their adverse RVR decision, at least in part, on "Green Wall Corporate Malfeasance." *Id.* It is unclear what this term means or alludes to.

/////

There are other vague allegations of due process violations, undue restrictions on plaintiff's free speech and exercise of religion, and denial of access to the courts. *Id.* at 4-5. Suffice it to say, the factual basis for these claims are not apparent from the complaint.

As best the court can piece together, plaintiff alleges that he undertook some activism on the part of the "K.A.G.E. Brothers Religion" and was subsequently punished by prison staff because of that activism. Even if that broad framework is assumed, however, the necessary specifics – how plaintiff's rights were specifically violated, how each defendant participated, the factual timeline – is entirely lacking. A defendant who received this complaint could not realistically be expected to discern how they had allegedly violated plaintiff's rights.

B. Dismissal Without Leave to Amend

Rule 8 of the Federal Rules of Civil Procedure demands that a pleading contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1) & (2); *see also Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1059 (9th Cir. 2011) ("Rule 8(a) has been held to be violated by a pleading that was needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling.") (citing 5 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1217 (3d ed. 2010)). Plaintiff's amended complaint fails, for the reasons described *supra*, to provide the latter. Thus, it fails to state a cognizable claim for screening purposes.

The court concludes that further leave to amend would be futile. As noted *supra*, this is plaintiff's second complaint and the first was also dismissed as incomprehensible. The Ninth Circuit has held that, "after an incomprehensible complaint is dismissed under Rule 8 and the plaintiff is given, but fails, to take advantage of the leave to amend, the judge [is] left with [] a complaint that, being irremediably unintelligible, [gives] rise to an inference that the plaintiff could not state a claim." *Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) (quoting *Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011)) (internal quotation marks omitted). Accordingly, the court recommend that plaintiff's complaint be dismissed without leave to amend.

/////

4

## Conclusion

Accordingly, it is hereby ORDERED that plaintiff's application to proceed to *in forma pauperis* (ECF No. 24) is DENIED as MOOT.

Further, it is RECOMMENDED that plaintiff's first amended complaint (ECF No. 26) be DISMISSED without leave to amend for failure to state a cognizable claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 10, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE